PHARMACISTS PRESCRIPTION REFERENCE COPIES (1) A pharmacist receiving a request for a reference copy of a prescription over the telephone is in violation of 59 O.S. 354 [59-354] (1975) if he refuses to give a reference copy over the telephone at that time. (2) A pharmacist may choose the method of furnishing a reference copy of a prescription, unless such method reveals an intent to circumvent Section 354 of the statutes which in effect results in a refuses to comply with the request for a reference copy of the prescription. (3) A pharmacist is required to transmit all information set forth under 59 O.S. 353.1 [59-353.1] (1971), together with all directions received from the prescribing doctor. The Attorney General's Office is in receipt of your opinion request wherein you ask the following questions: "(1) If an authorized pharmacist calls another pharmacist for a reference copy of a prescription, is the pharmacist in violation of this law if he refuses to give reference copy over the telephone to the pharmacist or assistant pharmacist at that time ? "(2) Is it the right of the pharmacist being asked (by telephone or in writing or by telegraph) for the reference copy to choose his own method of supplying the reference copy, either by telephone or writing or by telegraph? "(3) When the pharmacist gives a copy does he have to give all information written by the physician including: the name of the patient, address of the patient, date, name of the drug or drugs, size, amount to be dispensed, directions for administration, doctor's name, prescription number, number of times to be refilled, etc. ? "(4) When giving a copy does the pharmacist have to give all pertinent information that he has placed on the prescription such as: brand dispensed, number of times the prescription has been refilled and the date of each refill, amount dispensed on each refill, price of the prescription, etc." Title 59 O.S. 354 [59-354] (1975), provides: "A prescription is the property of the patient for whom it is prescribed. "It shall be unlawful for any pharmacist or assistant pharmacist to refuse, upon request by that customer, in person or through an authorized pharmacist or assistant pharmacist, to supply a reference copy in writing or by telephone or telegraph. Nor shall any legally competent practitioner of the healing arts refuse to honor the request of this patient to have his prescription transferred to the registered pharmacist or pharmacy of the patient's choice." A literal interpretation of 59 O.S. 354 [59-354] as it relates to your first question prohibits a pharmacist or his assistant from refusing upon request, to supply a reference copy. The Legislature's enactment of the foregoing statute seemingly anticipates the situation where a customer desires to transfer a particular prescription from one pharmacist to another whether it be for convenience or possibly a less expensive prescription. Where such a request is denied, it is in violation of the foregoing statute at the very instant the request is received and refusal to comply is made. Thus, it is apparent that the answer to your first question is that a pharmacist is in violation of 59 O.S. 354 [59-354] if he refuses to give a reference copy over the telephone. Your second question pertains to the method of furnishing the reference copy of the prescription to the requesting party, more specifically, whether 59 O.S. 354 [59-354] permits a pharmacist to choose his own method of supplying the reference copy to the requesting party. While an examination of the Oklahoma Statutes and the rules and regulations of the State Board of Pharmacy reflect that the law is silent as to specifically proscribing which method the pharmacist must use in furnishing a reference copy of a prescription, the act would be meaningless if a customer (or his authorized pharmacist) could not obtain a prescription at the time requested. Clearly, if a customer needs a prescription filled immediately, the original pharmacist may not choose to send the information regarding the prescription in writing so that it would reach the new pharmacist several days after it was needed. A pharmacist may choose the method of furnishing a reference copy of a prescription, unless such method reveals an intent to circumvent 59 O.S. 354 [59-354] of the statutes which in effect results in a refusal to comply with the request for a reference copy of the prescription. As to Questions three and four it is apparent that the information to be furnished to another pharmacist is controlled by 59 O.S. 353.1 [59-353.1] (1971) which defines "filled prescription" as follows: "(7)b. 'Filled prescription' means a packaged prescription medication to which a label has been affixed, which label includes the name and address of the pharmacy of origin, date of filling, name of patient, name of prescriber, directions for administration and prescription number. When directed by the prescriber, such label shall legibly state, in addition to any other information, the trade and/or generic name, and the quantity and strength, not meaning ingredients, of the drug therein contained; provided, that this requirement shall not apply to compounded prescriptions or medicines and drugs supplied or delivered directly to patients for consumption on the premises while admitted to any hospital or mental institution." It was clearly the legislative intent that filled prescriptions should contain all information sufficient to make it easy and available for the patient to determine what the prescription contained, the amount of the dosage, and the frequency of administration. Certainly, an original pharmacist filling a prescription must give to the subsequent pharmacist or the patient all directions he received from the doctor in originally prescribing the medicine. Therefore, Questions three and four should be answered as follows: A pharmacist must supply that information set forth under 59 O.S. 353.1 [59-353.1] (1971) where he receives a request for a reference copy of a particular prescription from another pharmacist or his assistant. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) A pharmacist receiving a request for a reference copy of a prescription over the telephone is in violation of 59 O.S. 354 [59-354] (1975) if he refuses to give a reference copy over the telephone at that time. (2) A pharmacist may choose the method of furnishing a reference copy of a prescription, unless such method reveals an intent to circumvent 59 O.S. 354 [59-354] of the statutes which in effect results in a refusal to comply with the request for a reference copy of the prescription. (3) A pharmacist is required to transmit all information set forth under 59 O.S. 353.1 [59-353.1] (1971), together with all directions received from the prescribing doctor. (PAUL C. DUNCAN) (ksg)